UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO MENDEZ,<br><br>    Petitioner,<br><br>WILLIAM SULLIVAN, Warden,<br><br>    Respondent. | NO. CV 18-09285-RGK (AGR)<br><br>ORDER TO SHOW CAUSE |

On October 25, 2018, Petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, it appears the Petition is untimely and contains fully unexhausted grounds for relief. The court orders Petitioner to show cause, on or before ***December 8, 2018***, why this court should not recommend: (1) dismissal of the Petition with prejudice as barred by the statute of limitations, or (2) dismissal of the Petition without prejudice for failure to exhaust claims in state court.

## I.

## **PROCEDURAL BACKGROUND**

On February 27, 2017, Petitioner pled guilty or no contest to Cal. Penal Code § 288 (a) in Los Angeles County Superior Court case number MA059628. (Dkt. No. 1 at 2.)[1] On April 6, 2017, Petitioner was sentenced to six years in state prison.[2]

Petitioner did not file any appeals or any state habeas petitions. (Dkt. No. 1 at 2-5.) The court's review of the public appellate databases corroborates that no state habeas petitions were filed by Petitioner.

On October 25, 2018, Petitioner constructively filed the instant Petition with this court. (Dkt. No. 1).

## II.

## **STATUTE OF LIMITATIONS**

The instant Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on April 24, 1996. Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a Petition for Writ of Habeas Corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The court must analyze the statute of limitations on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012). The burden of demonstrating that the

---

[1] Page citations are to the page numbers generated by the CM/ECF system in the header of the document.

[2] Case information available on the Los Angeles County Superior Court website at: http://www.lacourt.org/criminalcasesummary/ui/InfoPanel.aspx.

AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitably, rests with the petitioner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417-418 (2005).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

On February 27, 2017, Petitioner pled no contest to the charges against him, and on April 6, 2017, the Los Angeles County Superior Court sentenced Petitioner to six-years in prison.[3] Petitioner did not appeal. Therefore, his conviction became final on June 5, 2017, 60 days after the judgment of conviction. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006).

On October 25, 2018, Petitioner constructively filed the instant Petition with this court, but absent statutory or equitable tolling, the one-year statute of limitations would have expired on June 5, 2018.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to statutory tolling because he did not file any state habeas petitions.

### 2. Equitable Tolling

A prisoner who files a federal habeas petition after the expiration of the one-year statute of limitations may be entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649. (citations omitted.). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must

---

[3] Case docket information available on the Los Angeles County Superior Court website at: http://www.lacourt.org/criminalcasesummary/ui/InfoPanel.aspx.

have been the cause of an untimely filing.  *Grant v. Swarthout*, 862 F.3d 914, 918, 926 (9th Cir. 2017).

There is no indication in the record that Petitioner is entitled to equitable tolling.

### B.  Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim.  28 U.S.C. § 2244(d)(1)(D).  The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance.  *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).  Petitioner does not allege, and there is no indication in the record that, the factual predicate of the claim presented could not have been discovered earlier through the exercise of due diligence before his conviction became final.

## III.
## EXHAUSTION

Federal habeas relief is generally unavailable when a petitioner has not exhausted the remedies available in state court.  28 U.S.C. § 2254(b)(1)(A).

Exhaustion requires that petitioners "fairly present" their federal claim to the state's highest court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  To satisfy this requirement, a petitioner must describe both the operative facts and the precise federal legal theory on which his claim is based to the California Supreme Court.  *See Gray v. Netherland*, 518 U.S. 152, 162 (1996).

### A.  Analysis

The Petition indicates that Petitioner has not exhausted any of his claims by presenting them to the California Supreme Court.  Construed liberally, the Petition raises the following grounds for relief:  (1) violation of rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), during Petitioner's arrest and interrogation; (2) ineffective assistance of counsel during plea discussions; (3)

insufficiency of evidence; (4) limited capacity to understand guilty plea because of deficient education, IQ level, medical history, homelessness, and disability; and (5) inability to understand sentencing ramifications because of mental illness and disability. (Dkt. No. 1 at 5-6.) Petitioner checked boxes on the Petition admitting that he did not raise any of these claims in state court through direct appeal, a petition for review, or in any state habeas petitions. (Dkt. No. 1 at 5-8.) Petitioner must exhaust his claims in state court before presenting them in federal court. For these reasons, it appears that the Petition is completely unexhausted.

### B. Further Proceedings

The Ninth Circuit has held that a district court has authority to stay a wholly unexhausted Petition. *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that a district court may stay and hold in abeyance, rather than dismiss, a state prisoner's federal habeas petition that raises only claims that have not been exhausted in state courts).

In light of *Mena*, Petitioner may file a motion for a stay of his federal habeas petition while he exhausts his claims before the California Supreme Court. To obtain a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), a petitioner must show that he had good cause for failing to exhaust claims in the California Supreme Court, that his claims are "potentially meritorious," and that he has not engaged in intentional delay tactics. *Id.* at 277-78.

In addition, Petitioner must also explain why he meets the tolling requirements to overcome the statute of limitations issue.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **December 8, 2018**, Petitioner shall show cause as to why this court should not recommend (1) dismissal of the Petition with prejudice as barred by the statute of limitations, or (2) dismissal of the Petition without prejudice for failure to exhaust claims in state

court. If Petitioner contends that the exhaustion requirement has been met, Petitioner should attach a complete copy of his Petition before the California Supreme Court, a complete copy of any decision by the California Supreme Court, and clearly explain how the exhaustion requirement has been met.

If Petitioner does not respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court order the Petition dismissed, with prejudice, as barred by the statute of limitations.

DATED: November 8, 2018

　　　　　　　　　　　　　　　／s／ Alicia G. Rosenberg
　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　United States Magistrate Judge